UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BETH MONTELEONE,

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

       Defendant,
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**JURISDICTIONAL AND PRELIMINARY ALLEGATIONS**

1. Plaintiff, BETH MONTELEONE (hereinafter "Plaintiff") is a citizen of the state of New York and Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter "Defendant"), is a corporation incorporated under the laws of Liberia having its principal place of business in Miami, Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the event this matter does not come under the diversity jurisdiction of the court, the plaintiff shall proceed under the admiralty jurisdiction.

2. Defendant at all times material hereto, personally or through an agent;

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081,

1

      48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiffs in particular, for compensation, vacation cruises aboard their vessel.

3. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

4. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

5. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the cruise ship, the *Liberty of the Seas*.

6. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled a Surfing Simulator attraction called the "FlowRider" aboard the cruise ship, the *Liberty of the Seas*.

7. On or about July 17, 2015, Plaintiff was a paying passenger on Defendant's cruise ship, *Liberty of the Seas*, which was in navigable waters.

8. On or about July 17, 2015, while Plaintiff while participating as a spectator at the FlowRider attraction onboard the Liberty of the Seas suffered a fall and became injured.

9. The FlowRider is an attraction that shoots a thin sheet of water up a sloped surface at a high velocity to simulate the surface of a wave. Users then attempt to ride this sheet of water on a board either laying down or standing up.

10. The FlowRider onboard the *Liberty of the Seas* is different from a standard FlowRider, because employees and/or agents of Defendant modified it by shortening its overall length

in order to fit the attraction on the deck of the cruise ship. In addition to shortening the overall length of the attraction, Defendant added bench seating surrounding the attraction and within close proximity to the FlowRider. Furthermore, Defendant installed flooring and/or a surface walkways abutting the FlowRider which is the same color of the flooring and/or surface of the FlowRider. However, there is an approximately six (6) inch drop from the edge of the abutting surface walkway to the surface of the FlowRider.

11. Due to the manner in which the Defendant runs and overseas this attraction and the way they have configured it on the vessel, the Defendant, has created an unreasonably dangerous area for the spectators of the FlowRider attraction aboard the *Liberty of the Seas* with respect to how they have to traverse the area wherein the Plaintiff suffered her fall.

## COUNT I – NEGLIGENCE

Plaintiff incorporates by reference and realleges as though originally alleged herein the allegations of paragraph one through eleven and further alleges:

12. It was the duty of Defendant to exercise reasonable care under the circumstances.

13. On or about July 17, 2015, Defendant and its agents, servants, employees breached their duty to provide Plaintiff with reasonable care under the circumstances.

14. Plaintiff was injured due to the fault and/or negligence of Defendant, and its agents, servants, and employees as follows:

    a. Modifying the FlowRider, on Defendant's vessel in such a way that the attraction was made unreasonably dangerous to spectators; and/or

    b. Modifying the FlowRider on Defendant's vessel by installing bench sating within close proximity to the attraction; and/or

    c. Modifying the FlowRider on Defendant's vessel in such a way that spectators walk

  in close proximity to the attraction in order to get to the bench seating surrounding the attraction; and/or

d. Modifying the FlowRider on Defendant's vessel in such a way that spectators walk on a wet and/or slippery surface in order to access the seating provided for them immediately surrounding the attraction; and/or

e. Installing a walkway surface abutting the FlowRider attraction that is substantially similar in color to the surface of the FlowRider itself, but which has a drop off of approximately six inches which is not readily ascertainable or demarked by either signage, or a clear demarcation line at the drop off point, there by creating an optical illusion that the drop off is not there at all; and/or

f. Failing to recognize the inherent risks involved by creating an optical illusion effect on the walking surface adjacent to the FlowRider attraction; and/or

g. Failing to warn passengers of the hidden dangers posed to them by the way the flooring surface and walkway immediately surrounding the FlowRider attraction can create the optical illusion that the walkway is actually larger than it really is and hiding the fact that it has a drop off of approximately six inches to the adjacent lower level; and/or

h. Failing to properly and adequately supervise the passengers walking around the FlowRider attraction; and/or

i. Failing to provide proper and adequate assistance to passengers walking around the FlowRider attraction; and/or

j. Failing to take proper precautions for the safety of passengers while encouraging passengers to traverse the area in order to sit and watch other passengers using the

    attraction; and/or

  k. Failing to promulgate and/or enforce rules or procedures to ensure the safety of passengers who are spectating as well as walking around the FlowRider attraction; and/or

  l. Failing to install and employ adequate and reasonable safeguards to prevent passengers from being injured while spectating as well as while walking around the FlowRider attraction; and/or

  m. Failing to design and install the FlowRider on the vessel without altering its land based structural features thereby creating an a risk of harm to the passengers invited to observe the attraction; and/or

  n. Failing to station employees in proper positions around the FlowRider to help guide passengers around the attraction without the risk of suffering the harm suffered by the Plaintiff; and/or

  o. Failing to install adequate safety measures in order to protect passengers walking around the FlowRider attraction from becoming injured; and/or

  p. Failing to adequately mark and/or delineate the area where the surrounding flooring walkway meets the surface of the FlowRider; and/or

  q. All other acts or omissions constituting a breach of the duty to use reasonable care revealed through discovery.

15. As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, the aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries, suffered physical handicap, lost

wages and lost wage earning capacity due to her working ability being impaired. The injuries suffered are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE**, Plaintiff demands all damages allowable by law and trial by Jury.

### COUNT II – STRICT PRODUCTS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND UTILIZATION OF THE FLOWRIDER

Plaintiff incorporates by reference and realleges as though originally alleged herein the allegations of paragraph one through eleven and further alleges:

16. At all times material hereto, Defendant owed a duty to its passengers, and in particular to Plaintiff, to maintain and operate its vessel, *Liberty of the Seas*, in a reasonable manner under the circumstances.

17. At all times material hereto, Defendant was a manufacturer, designer, distributor, and/or was otherwise within the chain of distribution of the FlowRider product, having put the FlowRider on which the Plaintiff was injured into the channels of trade.

18. At all times material hereto, Defendant manufactured, designed, installed, and/or utilized the FlowRider on the *Liberty of the Seas*, and as such owed a duty to its passengers, and in particular to the plaintiff, to design the FlowRider attraction without any defects.

19. At all times material hereto, Defendant, through its agents or employees who were acting within the course and scope of their employment or agency with the Defendant, designed, installed, and utilized the FlowRider in which the color of the flooring and the walking surface abutting the FlowRider is so very similar to the color of the flooring surface of the FlowRider itself that the two can appear to be one uninterrupted surface when in fact there is approximately a six inch drop from the edge of the walkway surface to the surface of the

FlowRider. Additionally, Defendant's bench seating for passenger use was installed within such close proximity to the FlowRider attraction that spectators are made to walk close to the FlowRider and the approximate six inch drop between the two surface levels. These changes and additions are not on a standard land based FlowRider. These alterations are unreasonable and inherently dangerous design modifications and pose a foreseeable risk of serious to Defendant's passengers using the area, thus breaching the Defendant's duty of care to them and to the Plaintiff.

20. At all times material hereto, Defendant, knew or had reason to know that the area immediately surrounding the FlowRider was unreasonably and inherently dangerous.

21. Defendant was on notice that the area immediately surrounding FlowRider was unreasonably and inherently dangerous because prior similar incidents to the one described herein had occurred on their vessels prior to the Plaintiff's incident.

22. Since the danger involved was not open and obvious to the Defendant's passengers accessing the area in order to watch those riding the FlowRider, Defendant had a duty to warn its passengers spectating at the FlowRider attraction that the area immediately surrounding the attraction was likely to be dangerous and special care needed to be taken when using it.

23. The design flaw and lack of warnings which made the area immediately surrounding the FlowRider onboard the *Liberty of the Seas* inherently and unreasonably dangerous was the direct and proximate cause of Plaintiff's injuries.

24. As a result of the foregoing, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in

the care and treatment of her injuries, suffered physical handicap, lost wages and lost wage earning capacity as her future working ability has been impaired. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

**WHEREFORE** the Plaintiff demands all damages allowable by law and trial by jury.

>Respectfully submitted,
>
>LIPCON, MARGULIES,
>ALSINA & WINKLEMAN, P.A.
>*Attorneys for Plaintiff*
>One Biscayne Tower, Suite 1776
>2 South Biscayne Boulevard
>Miami, Florida 33131
>Telephone No.: (305) 373-3016
>Facsimile No.: (305) 373-6204
>
>By: */s/* Ricardo V. Alsina
>**RICARDO V. ALSINA**
>Florida Bar No. 0883182